# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 2:10CR00015 |
| v. ) | **OPINION** |
| ) | |
| CLAYTON FULTZ, ) | By: James P. Jones |
| ) | United States District Judge |
| Defendant. ) | |

*Zachary T. Lee, Assistant United States Attorney, Abingdon, for the United States; Clayton Fultz, Pro Se Defendant.*

Defendant Clayton Fultz filed a timely, pro se Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C.A. § 2255 (West. Supp. 2012). Fultz alleged two grounds for relief, arguing that counsel was ineffective (a) by failing to file or consult with Fultz about an appeal and (b) by failing to object to or appeal one of Fulton's convictions on the ground of actual innocence.

In response to the defendant's motion, the United States concedes that Fultz is entitled to relief under § 2255 as to his first claim. After consulting with Fultz's trial counsel, in light of precedent regarding counsel's obligations to consult with his client about appeal rights and to follow the client's instruction to file an appeal, the United States agrees that Fultz's § 2255 motion should be granted so as to reinstate his opportunity to appeal the criminal judgment *See Roe v. Flores-*

*Ortega*, 528 U.S. 470, 478-80 (2000) (regarding counsel's failure to consult about appeal); *United States v. Malone*, No. 10-6807, 2011 WL 3585073, at *1 (4th Cir. 2011) (citing *United States v. Peak*, 992 F.2d 39, 42 (4th Cir. 1993)) (finding when defendant requests his attorney to file an appeal, failure to do so "constitutes ineffective assistance of counsel, regardless of the likelihood of success on the merits").

Based on the United States' concession, I will grant Fultz's § 2255 motion as to claim (a), alleging that counsel was ineffective in filing to file or consult with Fultz about an appeal. I will dismiss Fultz's remaining § 2255 claim without prejudice to Fultz's refiling this claim in a later § 2255 motion following appeal, if necessary. *See, e.g., United States v. Killian*, 22 F. App'x 300, 301 (4th Cir. 2001) (unpublished).

A separate Final Order will be entered herewith.

ENTER: June 12, 2012

/s/ James P. Jones
United States District Judge